■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD PRICE, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Rockland County, imposed June 27, 1973, upon a conviction of robbery in the third degree, on a plea of guilty, the sentence being an indeterminate prison term not to exceed four years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a prison term of time served plus a period of probation. As so modified, sentence affirmed and case remitted to the County Court for the fixing of the period of probation and the conditions thereof. In our opinion, the sentence was excessive to the extent indicated herein. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAY SPIELBERG, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, imposed May 18, 1973, upon a conviction of criminal possession of a dangerous drug in the fifth degree, on a plea of guilty, the sentence being one year's imprisonment. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to five years' probation. As so modified, sentence affirmed and case remitted to the Criminal Term to fix the conditions of probation and for proceedings to direct defendant to surrender himself to said court in order that execution of the sentence, as herein modified, be resumed. Hopkins, Acting P. J., Martuscello, Latham and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL A. McLAUGHLIN and KENNETH J. STONE, JR., Appellants, v. JAMES MONROE, as Warden of the Brooklyn House of Detention for Men, Respondent.— Appeal by petitioners from an order of the Supreme Court, Kings County, entered March 8, 1973, which denied their application, styled by them as one for a writ of habeas corpus and by said court as being also to dismiss the indictment against petitioners on the ground of deprivation of their right to a speedy trial. Appeal dismissed, without costs. No appeal lies from an intermediate order denying dismissal of an indictment in a criminal action and the questions involved may only be reviewed on appeal from a judgment of conviction (CPL 450.10, 450.20). Insofar as the appeal may be deemed one from a judgment which dismissed a writ of habeas corpus, it should also be dismissed. The relators-defendants have been released on their own recognizance and, therefore, their liberty is no longer restrained to such a degree as to entitle them to the extraordinary writ of habeas corpus (*People ex rel. Wilder* v. *Markley,* 26 N Y 2d 648). Furthermore, as to relator Stone the appeal should be dismissed on the additional ground that he has absconded (*People* v. *Del Rio,* 14 N Y 2d 165). Gulotta, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.