■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT STACK, Appellant. — Appeal by defendant from three judgments of the Supreme Court, Kings County (Lodato, J.), all rendered May 21, 1982, convicting him of burglary in the second degree (two counts) and burglary in the third degree, upon pleas of guilty, and imposing sentences. Judgments affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application to be relieved as counsel is granted. (See *Anders v California*, 386 US 738; *People v Paige*, 54 AD2d 631; cf. *People v Gonzalez*, 47 NY2d 606.) O'Connor, J. P., Weinstein, Niehoff and Boyers, JJ. concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT SWINDALL, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered October 12, 1982, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The issue of entrapment was not raised during the course of the trial and was therefore not preserved for review. In any event, we see no merit to the contention that defendant was entrapped. Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADA TAYLOR and GLORIA GRANGER, Appellants. — Motion by the People to dismiss the appeals by defendants, as limited by their brief, from so much of an order of the County Court, Suffolk County (Rohl, J.), dated May 17, 1983, as denied their motions to dismiss the indictments against them on the ground that they had been denied their right to a speedy trial. Motion granted; the appeals are dismissed. The right to appeal in a criminal action is purely statutory (*Matter of Santangello v People*, 38 NY2d 536; *People v Zerillo*, 200 NY 443). No appeal lies from an intermediate order denying dismissal of an indictment. The issues involved may only be reviewed on appeal from a judgment of conviction (CPL 450.10, 450.15; *People ex rel. McLaughlin v Monroe*, 44 AD2d 575). In the instant case, defendants have taken no appeal from the judgments of conviction rendered in the County Court, Suffolk County, on October 28, 1983, convicting them of grand larceny in the third degree, upon their pleas of guilty. The County Court's prior order denying dismissal of the indictments, thus, is not reviewable and, accordingly, defendants' purported appeals therefrom must be dismissed. Mangano, J. P., Gibbons, Thompson and Rubin, JJ., concur.