■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMIE C. BURTON, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Collins, J.), both rendered September 8, 1983, convicting him of attempted burglary in the first degree, conspiracy in the fourth degree, criminal possession of a weapon in the third degree (two counts), and possession of burglar's tools under indictment No. 55060, and murder in the second degree, robbery in the first degree (two counts), burglary in the first degree, and grand larceny in the third degree under indictment No. 55107, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The court did not abuse its discretion in ordering consolidation of the two indictments for trial, even though the underlying incidents were dissimilar. Indictment No. 55107 involved charges connected to the murder of Leon Stern during a burglary at his residence in May 1982 and indictment No. 55060 involved charges connected to the attempted burglary of a residence near Plandome Road on Long Island over two months later.

In support of their request for consolidation, the People stated that they intended to offer evidence that the same burglar's tools owned by the defendant were used in both incidents, and intended to offer the testimony of an accomplice who participated in both incidents. In addition, some of the offenses in both indictments were based on the same statutory provisions. Under these circumstances, consolidation of the indictments was proper (see, People v Simpkins, 110 AD2d 790, lv denied 66 NY2d 618; CPL 200.20 [2] [b], [c]; [4]). The defendant failed to demonstrate that consolidation would prejudice his right to a fair trial and did not make the required showing that he had important testimony to give with respect to one indictment and a strong need to refrain from testifying with respect to the other (see, People v Lane, 56 NY2d 1; People v Anderson, 118 AD2d 788, lv denied 67 NY2d 1050).

We find that there was sufficient independent evidence presented at the trial to corroborate the testimony of the defendant's accomplices (see, CPL 60.22 [1]). With regard to the Stern incident, there was testimony by police officers that the defendant admitted ownership of the tools used to gain entry to the house, and Mrs. Stern identified the defendant's voice from a tape played for her by the police as the one that had threatened her. With regard to the Plandome Road incident, several police officers testified that the defendant was in possession of a gun and a ski mask when he was arrested in a car with three other men, one of whom had a bag of burglar's tools. This evidence was sufficient to connect the defendant to the crimes charged so that the jury could be reasonably satisfied that his accomplices were telling the truth (see, People v Moses, 63 NY2d 299; People v Davila, 108 AD2d 108).

The contention raised in the defendant's pro se brief that the cross-examination by the prosecutor violated the court's Sandoval ruling (see, People v Sandoval, 34 NY2d 371), is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, any error by the prosecutor was harmless in view of the overwhelming proof of the defendant's guilt.

We have considered the remaining contentions raised in the defendant's *pro se* brief and find them to be without merit. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.