■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON MONTANEZ, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Tisch, J.), both rendered February 16, 1988, convicting him of burglary in the second degree (two counts), under indictment No. 896/87, upon a jury verdict, and burglary in the second degree under indictment No. 1370/87, upon a jury verdict, and imposing sentences. The appeal brings up for review the denial of that branch of the defendant's omnibus motion under indictment No. 896/87 which was to suppress certain identification evidence.

Ordered that the judgments are affirmed.

The judgments of conviction arise out of three East Northport house burglaries for which the defendant was indicted under two separate indictments. The defendant contends that the court erred in holding a joint trial of the charges in the two indictments. Contrary to the defendant's contention we find that the court did not abuse its discretion in holding a joint trial (see, CPL 200.20 [2]). The offenses in both indictments were based on the same statutory provisions (see, CPL 200.20 [2] [c]). The defendant failed to demonstrate that a joint trial would prejudice his right to a fair trial and did not make the required showing that he had important testimony to give with respect to one indictment and a strong need to refrain from testifying with respect to the other (see, People v Lane, 56 NY2d 1; People v Burton, 134 AD2d 269).

Furthermore, we find that the hearing court properly denied the defendant's motion to suppress the showup identification made by complainant Maureen Ohlmann at the scene of the crime. This showup occurred in close time and proximity to the event, while the complainant's memory was fresh, and under the circumstances in which it transpired, it was not unduly suggestive (see, People v Ellis, 126 AD2d 663; People v Brnja, 70 AD2d 17, affd 50 NY2d 366).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Mangano, J. P., Bracken, Brown and Harwood, JJ., concur.