■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE MOSES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered March 17, 1989, convicting him of robbery in the first degree (two counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his guilt was not proven beyond a reasonable doubt in view of inconsistencies in the testimony of the People's two main witnesses and the conflict between their version and the defendant's version of the occurrences at bar. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5] ).

In addition, the trial court did not improvidently exercise its discretion in granting the People's motion to consolidate the two robbery indictments against the defendant *(see,* CPL 200.20 [2] [c]; [4] ). Upon examination of the defendant's affirmation in opposition to consolidation, it appears that the defendant failed to demonstrate that consolidation would prejudice his right to a fair trial and further failed to make the required showing that he had pertinent testimony to give with respect to one indictment and a strong need to refrain from testifying with respect to the other *(see, People v Lane,* 56 NY2d 1, 8; *People v Montanez,* 149 AD2d 627, 628; *People v Burton,* 134 AD2d 269). Furthermore, there is no proof in the record that the defendant suffered actual prejudice. The defendant was positively identified by each of the victims shortly after the respective incidents *(see, People v Nelson,* 133 AD2d 470, 471), and proof of each crime was presented separately and clearly and was easily discernable and separable in the

minds of the jurors, and the defendant had ample opportunity to defend against, and did defend against, each robbery count *(see, People v Nelson, supra; see also, People v Angelo,* 133 AD2d 832). Finally, to avoid the possibility of prejudice, the court instructed the jury that consolidation was merely for the convenience of the court and not to consider any evidence with respect to the first incident while deliberating on the second incident *(see, People v Nelson, supra; People v Mack,* 111 AD2d 186, 188).

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.