THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ROSE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered July 31, 1990, convicting him of burglary in the second degree (six counts) and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The overwhelming evidence adduced at the suppression hearing indicated that the defendant was subjected to police interrogation only *after Miranda* warnings had been administered to him. The suppression court was thus correct in denying that branch of the defendant's omnibus motion which sought suppression of his oral and written statements *(see, People v Prochilo,* 41 NY2d 759).

We further find that the suppression court properly denied that branch of the defendant's omnibus motion which sought suppression of the physical evidence seized from his apartment. The record demonstrates that the defendant executed the consent to search form voluntarily and knowingly *(see, People v Gonzalez,* 39 NY2d 122).

The trial court did not improvidently exercise its discretion in granting the People's motion for consolidation of Indictment Nos. 89-01395 and 89-01518 *(see,* CPL 200.20 [4], [2] [c]; *People v Moses,* 169 AD2d 786; *People v Lane,* 56 NY2d 1, 8). The defendant did not oppose that motion initially and our review of the record indicates that on a motion to reargue, the defendant failed to demonstrate that consolidation would prejudice his right to a fair trial. He further failed to make the required showing that he had important testimony to give with respect to one indictment and a strong need to refrain from testifying with respect to the other *(see, People v Lane, supra; People v Moses, supra; People v Burton,* 134 AD2d 269, 270). Furthermore, there is no proof in the record that the defendant suffered actual prejudice. The defendant confessed to the crimes for which he was convicted, proof of each crime

was presented separately and clearly and was easily discernable in the minds of the jurors, and the defendant had ample opportunity to defend himself on each count (see, People v Moses, supra, at 786-787; People v Angelo, 133 AD2d 832). Additionally, to avoid the possibility of prejudice, the trial court instructed the jurors that they should consider each count on its own merits to determine whether each crime had been proven beyond a reasonable doubt (see, People v Moses, supra, at 787).

The defendant's remaining contention is unpreserved for appellate review (CPL 470.05 [2]; People v Bynum, 70 NY2d 858, 859). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.