■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL HENDRICKS, Appellant. [596 NYS2d 725] —Appeal by the defendant from two judgments of the Supreme Court, Westchester County (Rosato, J.), both rendered August 13, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), under Indictment No. 89-01791, and criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and endangering the welfare of a child, under Indictment No. 89-01977, upon jury verdicts, and imposing sentences.

Ordered that the judgment rendered under Indictment No. 89-01977 is affirmed; and it is further,

Ordered that the judgment rendered under Indictment No. 89-01791 is modified, on the law, by reversing the conviction for criminal possession of a controlled substance in the seventh degree (two counts), vacating the sentence imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment rendered under Indictment No. 89-01791 is affirmed.

The defendant correctly contends, and the People concede, that the defendant's convictions under Indictment No. 89-01791 for criminal possession of a controlled substance in the seventh degree (counts five and six) must be vacated as lesser-included offenses of criminal possession of a controlled substance in the third degree (counts three and four), as they both relate to the possession of the same narcotics (see, People v Zarzuela, 141 AD2d 788, 789).

Upon examination of the defendant's affirmation in opposition to consolidation, we find that the trial court did not improvidently exercise its discretion in granting the People's motion for consolidation for trial of Indictment Nos. 89-01791 and 89-01977, as the defendant failed to demonstrate that consolidation would prejudice his right to a fair trial (see, CPL 200.20 [4], [2] [c]; People v Lane, 56 NY2d 1; People v Rose, 187

AD2d 617; *People v Moses,* 169 AD2d 786). Moreover, there is no proof in the record that the defendant suffered actual prejudice from consolidation, as the evidence regarding each incident was separately presented, uncomplicated and easily segregable in the mind of the jury *(see, People v Rose, supra; People v Moses, supra; People v Nelson,* 133 AD2d 470). Significantly, the trial court avoided the possibility of prejudice by instructing the jury on several occasions that they should separately consider the evidence with respect to each indictment *(see, People v Rose, supra; People v Moses, supra).*

Furthermore, the trial court's charge sufficiently instructed the jury as to the elements of accessorial liability. The court read the statutory definition of accessorial liability to the jurors, explained that they must find that the defendant "willingly and intentionally" aided his codefendants in committing the crimes charged, and instructed them that for each offense they must find that the defendant acted "knowingly and unlawfully" *(People v Rawlings,* 159 AD2d 655, 656; *People v Lilly,* 139 AD2d 671).

The defendant's remaining contentions, including those contained in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.