■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN PRATT, Appellant. [608 NYS2d 317] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered March 13, 1992, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and the codefendant were charged with first degree robbery of two complainants during a single incident. Prior to trial, the court granted the defendant's motion for a severance because the People planned to introduce a statement by the codefendant which incriminated the defendant. On the day the defendant's trial was to begin, the People moved to consolidate the trials of the defendant and the codefendant because one of the complainants was a Marine Corps officer whose duty schedule would prevent him from testifying at the codefendant's trial if separate trials were held. The People agreed not to introduce the codefendant's statement at the requested joint trial. The court granted the motion to consolidate the trials. The defendant now contends

that this ruling constituted reversible error because the People's motion was not timely and because the decision to consolidate the trials prejudiced his defense. We disagree.

Unlike a motion for a separate trial, which must be made within 45 days after arraignment (see, CPL 255.20 [1]), a motion to consolidate is not governed by any pretrial time strictures. Moreover, there is no evidence in the record that the defendant was prejudiced by the court's ruling. The reason for granting separate trials—the anticipated introduction of the codefendant's statement implicating the defendant—was obviated by the prosecutor's disavowal of any intention to introduce the statement at the joint trial. Additionally, the defendants were charged with acting in concert, and the proof against them was supplied by the same evidence. Hence, the trial court did not improvidently exercise its discretion in granting the People's motion to consolidate the trials (see, People v Mahboubian, 74 NY2d 174, 183).

The defendant's contention that he was improperly cross-examined regarding a previous disorderly conduct conviction is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, any error in this regard must be considered harmless in view of the overwhelming evidence of guilt (see, People v Crimmins, 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.