■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ASHER, Appellant. [627 NYS2d 753] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Egitto, J.), both rendered January 12, 1993, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), kidnapping in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and arson in the third degree under Indictment No.

10506/91 and murder in the second degree (two counts) and robbery in the first degree under Indictment No. 10507/91, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress written and videotaped statements made by him to law enforcement authorities.

Ordered that the judgments are affirmed.

The hearing court properly denied suppression of the defendant's written and videotaped statements since each was rendered after the defendant knowingly and voluntarily waived his *Miranda* rights *(see, People v Fuschino,* 59 NY2d 91; *People v Abreu,* 184 AD2d 707; *People v Charon,* 165 AD2d 914; *People v Sohn,* 148 AD2d 553; *People v Benitez,* 128 AD2d 628).

The defendant has not preserved for appellate review his contention that the merger doctrine precludes his conviction for kidnapping on the basis that it was incidental to the robbery *(see,* CPL 470.05 [2]; *People v Velez,* 206 AD2d 258; *People v Sage,* 204 AD2d 746). In any event, the manner of the detention constituted a separately cognizable offense for which the defendant was properly convicted *(see, People v Gonzalez,* 80 NY2d 146; *People v Cassidy,* 40 NY2d 763; *People v Chronis,* 209 AD2d 712; *People v Sceravino,* 193 AD2d 824).

The court did not improvidently exercise its discretion by granting the People's motion to consolidate the indictments *(see,* CPL 200.20 [2] [b], [c]; *People v Lane,* 56 NY2d 1; *People v Mack,* 111 AD2d 186). The record does not demonstrate any actual prejudice suffered by the defendant. The overwhelming evidence of the defendant's guilt was presented separately at trial, the defendant had an opportunity to defend against it, and the court instructed the jury to consider the charges, which were easily segregable in the jurors' minds *(see, People v Lane, supra; People v Hendricks,* 192 AD2d 552; *People v Rose,* 187 AD2d 617; *People v Paraschiv,* 169 AD2d 739; *People v Moses,* 169 AD2d 786; *People v Smith,* 162 AD2d 734; *People v Trama,* 160 AD2d 748; *People v Angelo,* 133 AD2d 832). Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.