■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MAYS, Appellant. [698 NYS2d 497] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 2, 1988 (*People v Mays,* 140 AD2d 376), affirming a judgment of the Supreme Court, Kings County, rendered February 11, 1986.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Thompson, Feuerstein and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY McQUEEN, Appellant. [699 NYS2d 419] —Appeal by the defendant from three judgments of the Supreme Court, Queens County (Erlbaum, J.), all rendered July 14, 1997, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree under Indictment No. 1805/96, attempted robbery in the first degree under Indictment No. 1879/96, and robbery in the first degree under Indictment No. 1880/96, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that the trial court erred in granting the People's motion to consolidate Indictment Nos. 1805/96, 1879/96, and 1880/96 is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the trial court did not improvidently exercise its discretion in consolidating the indictments (*see,* CPL 200.20 [2] [c], [d]; [4], [5]). The record does not demonstrate actual prejudice suffered by the defendant. Evidence of the defendant's guilt of the charges under each indictment was presented separately to the jury, and the defendant had ample opportunity to defend against the charges. The court instructed the jury to consider each charge on its own merit (*see, People v Rose,* 187 AD2d 617; *People v Moses,* 169 AD2d 786).

The defendant's remaining contentions are unpreserved for appellate review or without merit. S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.