■ The People of the State of New York, Respondent, v Joseph Gwathney, Appellant. [748 NYS2d 661] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered December 11, 1998, convicting him of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree (two counts), unauthorized use of a vehicle in the second degree, unauthorized use of a vehicle in the third degree, auto stripping in the second degree, and possession of burglar's tools (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in granting the People's motion to consolidate Indictment Nos. 2488/97 and 11822/97. The charges were joinable because they were defined by the same or similar statutory provisions, and, as a consequence, were the same or similar as a matter of law (*see* CPL 200.20 [2] [c]). Moreover, proof of the crimes was separately presented, uncomplicated, and easily segregable in the minds of the jurors (*see People v Brewer,* 269 AD2d 538; *People v Hendricks,* 192 AD2d 552, 553; *People v Rose,* 187 AD2d 617; *see also People v Nelson,* 133 AD2d 470, 471; *People v Mack,* 111 AD2d 186, 188). In addition, the Supreme Court repeatedly instructed the jury to consider each incident separately (*see People v Hendricks, supra* at 553; *People v Rose, supra* at 618).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.