OPINION OF THE COURT
Memorandum.
Judgments of conviction unanimously affirmed. After entering onto and inspecting defendant’s residential lot numerous times in April 1998, the Wesley Hills Village Code Inspector issued appearance tickets to defendant, charging him with violating Local Law No. 4 (1984) of the Village of Wesley Hills § 2 (depositing debris and/or waste materials on a village lot) and Local Law No. 14 (1984) of the Village of Wesley Hills § 4.4.18 (storing more than one unregistered vehicle on a residential lot). Thereafter, two informations based on the foregoing charges were filed against defendant who was convicted of both charges following a bench trial. By order dated September 25, 2001, this court granted defendant’s motion to submit his appeal upon an abridged record consisting of the November 24, 1998 bench trial transcript, the reconstructed December 16, 1998 decision and the February 23, 1999 sentencing transcript (see 22 NYCRR 732.1). Inasmuch as defendant was granted permission to appeal upon an abridged record, the issues contained in “Point II” of his appellate brief are dehors the record and will not be considered herein (see e.g. People v Turner, 266 AD2d 245 [1999]; People v Bartlett, 215 AD2d 489 [1995]).
Upon a review of the record, we find that defendant waived his objection to any alleged hearsay pleading violations in the information charging him with storing more than one unregistered vehicle on a residential lot since he failed to make a pretrial motion regarding said alleged violations (see People v Casey, 95 NY2d 354 [2000]). Consequently, there is no merit to his contention that the information is facially insufficient. We note that the Court of Appeals holding in Casey, that hearsay pleading defects in the factual portion of an accusatory instrument are waivable, does not dilute the statutory requirement that an information must provide facts of an evidentiary character that support or tend to support the charge (see CPL *536 100.15 [3]). Herein, the information must provide evidentiary facts that support or tend to support the charge that defendant “store[d]” more than one “unregistered” vehicle on “residential” property (see CPL 100.15 [3]; Local Law No. 14 [1984] of Village of Wesley Hills § 4.4.18). In support of this charge, the complainant code inspector stated that “the facts upon which this information has been made are of my own knowledge” and that on April 22, 1998, defendant knowingly stored more than one unregistered vehicle on residential property he owned and/or controlled. We find that the elements of storage and registration can readily be established by the fair implication of the firsthand observations of the complainant. Likewise, the residential element, as well as ownership, if it were applicable, can be fairly implied from the complainant’s duties as the town’s code inspector. Thus, the source or validity of the complainant’s knowledge is a matter to be raised as an evidentiary defense at trial, and such facts need not be specified in the information (see People v Casey, supra at 360). Accordingly, there is no merit to defendant’s contention that the information is jurisdictionally defective.
Pursuant to Vehicle and Traffic Law § 401 (4), if “a vehicle does not have affixed a validating sticker which indicates the plate number, the vehicle identification number and the expiration date of the registration, the failure to produce the certificate of registration, or a photostatic copy of such certificate, shall be presumptive evidence of operating a motor vehicle or trailer which is not registered as required by this article.” Herein, once the code inspector testified that none of the 41 vehicles he observed on defendant’s lot on April 1, 1998, April 14, 1998 and April 22, 1998 had valid registration stickers, the burden shifted to defendant to establish that the vehicles were, in fact, registered. However, the vehicle registration receipts that defendant submitted in his defense only established, at most, that 33 of the 41 vehicles were registered, which is more than the one unregistered vehicle allowed by Local Law No. 14 (1984) of the Village of Wesley Hills. In addition, the inspector’s testimony, that he observed the same vehicles (some of which appeared to be inoperable) in approximately the same location on three separate dates, established that said vehicles were stored, not parked, on defendant’s lot. Moreover, the inspector’s testimony, on its own, established that the lot, which defendant admitted that he owned, was in a residential district.
It is well settled that administrative searches fall within the purview of the Fourth Amendment (see Camara v Munici *537 pal Ct., 387 US 523 [1967]). When no exigent circumstances exist, a code inspector may only enter onto, and make a visual search of, private property upon first obtaining consent or a warrant pursuant to CPL article 690 (see e.g. People v Abruzzi, 52 AD2d 499 [1976], affd 42 NY2d 813 [1977]; People v Katz, 112 Misc 2d 59 [1980]). The facts herein do not indicate that exigent circumstances existed, and the inspector did not obtain a search warrant prior to entering onto defendant’s property on April 1, 1998, April 14, 1998 or April 22, 1998. Rather, on each occasion, he obtained consent to enter from defendant’s father. Defendant’s father testified that defendant had not given him the authority to provide such consent and, although the record indicates that defendant purchased the property from his father in 1994, there is no indication that defendant’s father lived on the property or that the inspector had reasonable cause to believe that defendant’s father had the apparent authority to consent (see e.g. People v Gonzalez, 88 NY2d 289 [1996]). Consequently, the inspector’s entry onto defendant’s property was illegal and the trial court should have sustained defendant’s objection to the admission of People’s exhibits 16 and 18 into evidence. Nevertheless, other legal evidence was presented at trial and the error that the court committed is harmless in view of the overwhelming proof of defendant’s guilt presented at trial (see People v Crimmins, 36 NY2d 230 [1975]; People v Pratt, 201 AD2d 745, 746 [1994]; People v Beaumont, 170 AD2d 513, 515 [1991]). Accordingly, a new trial is not required (see People v Julien, 182 AD2d 642, 643 [1992]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence adduced at trial could lead a rational person to the conclusions reached by the trial court and, as a matter of law, satisfy the proof and burden requirements for every element of the offenses charged (see People v Bleakley, 69 NY2d 490, 495 [1987]). We also find that the verdicts are not against the weight of the evidence (see CPL 470.15), and defendant’s guilt was proved beyond a reasonable doubt. Furthermore, the record reveals no extraordinary circumstances which warrant a modification of defendant’s sentence. Defendant’s remaining contentions are unpreserved for appellate review or lack merit.
Floyd, P.J., Doyle and Colabella, JJ., concur.