■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLEVELAND JESSUP, Respondent. [934 NYS2d 225]—

"To dismiss an indictment on the basis of insufficient evidence before a Grand Jury, a reviewing court must consider 'whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Bello*, 92 NY2d 523, 525 [1998], quoting *People v Jennings*, 69 NY2d 103, 114 [1986]; *see People v Barabash*, 35 AD3d 873, 874 [2006]). Legally sufficient evidence is defined as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see People v Deitsch*, 97 AD2d 327, 329 [1983]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Bello*, 92 NY2d at 526; *see People v Galatro*, 84 NY2d 160, 164 [1994]). Thus, "[t]he reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes, and whether the Grand Jury could rationally have drawn the guilty inference" (*People v Bello*, 92 NY2d at 526 [internal quotation marks omitted]).

Here, the evidence presented to the grand jury, viewed in the light most favorable to the People, was legally sufficient to establish the charges in the indictment. The evidence before the grand jury, if accepted as true, established that the defendant was alone with his four-year-old grandnephew in the defendant's bedroom with the door closed, that the child was on top of the defendant while the defendant's penis was exposed, that the child touched the defendant's penis, and *that the defendant im*-mediately pushed the child off of his lap when the bedroom door was unexpectedly opened by the child's mother and great-aunt. Further, the grand jury could have reasonably inferred from the

evidence that the touching constituted sexual contact because it was for the purpose of gratifying the sexual desire of the defendant, which is a required element of the crime of sexual abuse in the first degree (*see* Penal Law § 130.00 [3]; § 130.65 [3]). Since the grand jury could have rationally drawn such an inference, the fact that the evidence presented is susceptible of other inferences as to the touching that occurred is irrelevant (*see People v Campbell*, 69 AD3d 645, 646 [2010]; *see generally People v Jensen*, 86 NY2d 248, 252 [1995]). Thus, there was legally sufficient evidence to establish the charge of sexual abuse in the first degree (*see* Penal Law § 130.65 [2]).

In addition, viewing this same evidence in the light most favorable to the People, such evidence, if found to be true, and its logical inferences would establish that the defendant knowingly acted in a manner likely to be injurious to the child's physical, mental, or moral welfare. Thus, it was legally sufficient to establish the charge of endangering the welfare of a child (*see* Penal Law § 260.10 [1]).

Accordingly, the County Court erred in granting the defendant's motion pursuant to CPL 210.20 to dismiss the indictment. Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.