■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS JAMES, Appellant. [24 NYS3d 329]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered January 6, 2014, convicting him of aggravated criminal contempt (two counts), criminal contempt in the first degree (four counts), criminal contempt in the second degree (three counts), criminal obstruction of breathing or blood circulation, and harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of aggravated criminal contempt under count one of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of aggravated criminal contempt, criminal contempt in the first degree, and criminal contempt in the second degree, on the ground that the People failed to prove, beyond a reasonable doubt, that he had actual knowledge of the contents of the subject order of protection, is unpreserved for appellate review, as defense counsel made only a general motion to dismiss at the close of the People's case (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, this contention is without merit, as the evidence established that the defendant was present at the proceeding where the order of protection was issued, his attention was drawn to the issuance of the order by the court, and a copy of the order was provided to him. Based on this evidence, the trier of fact could have reasonably inferred the defendant's actual knowledge of the existence of the order of protection and its contents (*see People v Clark*, 95 NY2d 773, 775 [2000]; *People v Aveni*, 100 AD3d 228, 241 [2012]).

The defendant's contention that the evidence was legally insufficient to support his conviction of aggravated criminal contempt with respect to the necessary element of "physical injury," as charged in count one of the indictment (*see* Penal Law § 215.52 [1]), is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d at 491-492). Nonetheless, we reach the issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]). Count one of the indictment charged the defendant with committing aggravated criminal contempt pursuant to Penal Law § 215.52 (1). In pertinent part, Penal Law § 215.52 (1) provides that a person is guilty of aggravated criminal contempt when, in violation of a duly served order of protection, he or she "intentionally or recklessly causes physical injury . . . to a person for whose

protection such order was issued." As relevant here, physical injury consists of "substantial pain" (Penal Law § 10.00 [9]), meaning pain that is "more than slight or trivial . . . [but] need not . . . be severe or intense" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). Here, the evidence was legally insufficient to establish that the complainant, for whose protection the subject order of protection was issued, suffered substantial pain. Accordingly, the defendant's conviction of aggravated criminal contempt under count one of the indictment must be vacated, and that count of the indictment must be dismissed.

Upon the exercise of our independent factual review power pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the count of aggravated criminal contempt under count 11 of the indictment, as well as all counts of criminal contempt in the first degree and criminal contempt in the second degree, was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentences imposed upon the convictions of aggravated criminal contempt under count 11 of the indictment and all convictions of criminal contempt in the first degree, criminal contempt in the second degree, criminal obstruction of breathing or blood circulation, and harassment in the second degree, were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.