The People of the State of New York, Respondent, v Rochell Davis, Appellant. [35 NYS3d 409]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered April 4, 2014, convicting him of attempted murder in the second degree (two counts), assault in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 24, 2011, the defendant was indicted on charges of attempted murder, assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, in connection with the shootings of Bradley Hibbert, Jr., and Jonathan Neira Marquez on September 20, 2011. On November 4, 2011, the defendant was indicted on charges of murder in the second degree and criminal possession of a weapon in the second degree, in connection with the shooting of Kelly Ann McGuire on June 13, 2011, which resulted in her death. On May 6, 2013, the People moved to consolidate the indictments, and the defendant opposed the motion. By order dated May 31, 2013, the Supreme Court granted the motion. Thereafter, a jury trial was held on the consolidated indictments. The Supreme Court granted a mistrial on the counts relating to the shooting of McGuire,

which were charged in the November 4, 2011 indictment, after the jury was unable to reach a verdict on those counts. The jury found the defendant guilty on all counts relating to the shootings of Hibbert and Marquez, which were charged in the October 24, 2011 indictment. The defendant appeals from the judgment of conviction.

The defendant's contention that the Supreme Court erred in granting the People's motion to consolidate the indictments is partially unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit. The People established that the charges in the indictments were joinable because they were defined by the same or similar statutory provisions and, consequently, were the same or similar in law (*see* CPL 200.20 [2] [c]; *People v McCrae*, 69 AD3d 759, 760 [2010]; *People v Gwathney*, 298 AD2d 526, 527 [2002]). In opposition, the defendant failed to make the required showing that he had important testimony to give with respect to one indictment and a strong need to refrain from testifying with respect to the other (*see* CPL 200.20 [3] [b]; *People v Lane*, 56 NY2d 1, 8 [1982]; *People v Moses*, 169 AD2d 786, 786 [1991]; *People v Montanez*, 149 AD2d 627, 628 [1989]). Moreover, the fact that the jury was unable to reach a verdict on the counts relating to the shooting death of McGuire, while finding the defendant guilty on the counts relating to the shootings of Hibbert and Marquez, demonstrates that the defendant was not prejudiced by the consolidation (*see People v Davey*, 134 AD3d 1448, 1451 [2015]; *People v McNeil*, 39 AD3d 206, 207 [2007]). Contrary to the defendant's contention, the motion to consolidate the indictments was not untimely (*see People v Pratt*, 201 AD2d 745, 746 [1994]).

The defendant further contends that the Supreme Court erred in denying those branches of his motion, made at the close of the People's evidence, which were to dismiss as legally insufficient the two counts of criminal possession of a weapon in the second degree relating to the shooting death of McGuire. However, that contention is not reviewable on the instant appeal from the judgment convicting him only of the counts relating to the shootings of Hibbert and Marquez (*see People v Taylor*, 99 AD2d 820 [1984]; *Rafferty v Owens*, 82 AD2d 582, 585 [1981]; *People ex rel. McLaughlin v Monroe*, 44 AD2d 575, 575 [1974]). Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.