People v Nicholson (2022 NY Slip Op 06719)

People v Nicholson

2022 NY Slip Op 06719

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2018-07000
2018-07001
2018-12477
2018-12478

[*1]The People of the State of New York, respondent,
v
Calvin Nicholson, appellant. (Ind. Nos. 2424/15, 671/16)

Patricia Pazner, New York, NY (Olivia Gee and Joshua M. Levine of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Eric Washer of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) two judgments of the Supreme Court, Queens County (Stephanie Zaro, J.), both rendered March 12, 2018, convicting him of robbery in the first degree (two counts) and robbery in the third degree under Indictment No. 2424/15, and robbery in the first degree, robbery in the second degree, and assault in the second degree (two counts) under Indictment No. 671/16, upon a jury verdict, and imposing sentences, and (2) two resentences of the same court imposed April 24, 2018.
ORDERED that the appeals from so much of the judgments as imposed the sentences are dismissed, as those portions of the judgments were superseded by the resentences; and it is further,
ORDERED that the judgment rendered under Indictment No. 2424/15 is affirmed insofar as reviewed; as it is further,
ORDERED that the judgment rendered under Indictment No. 671/16 is modified, on the law, by vacating the conviction of assault in the second degree under count 4 of that indictment and dismissing that count of the indictment; as so modified, the judgment is affirmed insofar as reviewed, and the resentence imposed on the conviction of assault in the second degree under count 4 of Indictment No. 671/16 is vacated; and it is further,
ORDERED that the resentence imposed under Indictment No. 2424/15 is affirmed; and it is further,
ORDERED that the appeal from the resentence imposed on the conviction of assault in the second degree under count 4 of Indictment No. 671/16 is dismissed as academic in light of our determination on the appeal from the judgment rendered under Indictment No. 671/16; and it is further,
ORDERED that the resentence imposed under Indictment No. 671/16 is affirmed insofar as reviewed.
The Supreme Court properly denied the defendant's motion pursuant to CPL 210.35(5) to dismiss Indictment No. 2424/15 (see People v Huston, 88 NY2d 400, 409). An indictment should be dismissed where the grand jury proceeding is defective such that it "fails to conform to the requirements of article one hundred ninety [of the Criminal Procedure Law] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35[5]; see id. § 210.20[1][c]; People v Thompson, 22 NY3d 687, 699). "[E]vidence of uncharged crimes is inadmissible where its purpose is only to show a defendant's bad character or propensity towards crime" (People v Morris, 21 NY3d 588, 594). However, "'[w]hen evidence of uncharged crimes is relevant to some issue other than the defendant's criminal disposition, it is generally held to be admissible on the theory that the probative value will outweigh the potential prejudice to the accused'" (id. at 594, quoting People v Allweiss, 48 NY2d 40, 47). Thus, evidence of uncharged crimes may be admitted where it shows intent, motive, knowledge, common scheme or plan, or identity of the defendant (see People v Arafet, 13 NY3d 460; People v Molineux, 168 NY 264, 293). In addition, the purposes for which uncharged crime evidence may properly be admitted include completing the narrative of the events charged in the indictment and providing necessary background information (see People v Tosca, 98 NY2d 660).
Here, the challenged grand jury testimony introduced by the prosecutor completed the narrative and was probative of the witness's ability to identify the defendant from video surveillance. In light of the other testimony before the grand jury and the prosecutor's limiting instruction, the probative value outweighed the danger of any potential prejudice (see generally People v Morris, 21 NY3d at 594).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in consolidating for trial a 2015 indictment, which charged him with, inter alia, robbery in the first degree and third degree, with a 2016 indictment charging him with robbery in the first degree and second degree and assault in the second degree (see CPL 200.20[2][c]; People v Sutton, 151 AD3d 763; People v Burnett, 228 AD2d 788). The "[p]roof of each charge was separately presented, uncomplicated and easily distinguishable" (People v Nickel, 14 AD3d 869, 870 [internal quotation marks omitted]). The People established that the charges in the indictments were joinable because they were defined by the same or similar statutory provisions and, consequently, were the same or similar in law (see CPL 200.20[2][c]; People v McCrae, 69 AD3d 759, 760; People v Gwathney, 298 AD2d 526, 527). In opposition, the defendant failed to make the required showing that he had important testimony to give with respect to one indictment and a strong need to refrain from testifying with respect to the other (see CPL 200.20[3][b]; People v Lane, 56 NY2d 1, 8; People v Moses, 169 AD2d 786, 786).
The defendant's claims that the Supreme Court failed to instruct the jury with respect to its duty to consider the crimes separately and that the prosecutor commingled the evidence during trial are unpreserved for appellate review (see CPL 470.05[2]; People v Stewart, 178 AD2d 448), and, in any event, without merit (see People v Harris, 29 AD3d 387, 388).
The defendant contends that on the People's reverse Batson application (see Batson v Kentucky, 476 US 79, 96-98), the People failed to meet their prima facie burden of demonstrating purposeful discrimination as to the defendant's exercise of a peremptory challenge to a prospective juror. This contention is academic as defense counsel proffered race-neutral explanations for the exercise of the peremptory challenge (see Hernandez v New York, 500 US 352, 359; People v Hecker, 15 NY3d 625, 652). Moreover, the Supreme Court's determination that the race-neutral reasons offered by the defendant were pretextual is supported by the record (see People v Ousmane, 183 AD3d 762, 762).
The People correctly concede that the defendant's conviction of assault in the second degree under Penal Law § 120.05(6) must be vacated, and that count of Indictment No. 671/16 dismissed, as that count is an inclusory concurrent count of robbery in the second degree under Penal [*2]Law § 160.10(2)(a) (see People v Maldonado, 46 AD3d 842, 843).
The resentences otherwise imposed were not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court