People v Cucceraldo (2023 NY Slip Op 51390(U))

[*1]

People v Cucceraldo (Jack)

2023 NY Slip Op 51390(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

&em;

The People of the State of New York, Respondent,
against
Jack Cucceraldo, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (W. Alexander Melbardis, J.H.O.), rendered June 14, 2022. The judgments, after a nonjury trial, convicted defendant of unlicensed operation of a motor vehicle and misuse of transporter plates, respectively, and imposed sentences.

ORDERED that the judgment convicting defendant of misuse of transporter plates is reversed, on the facts, and the accusatory instrument charging that offense is dismissed, and the fine imposed for this offense is remitted; and it is further,
ORDERED that the judgment convicting defendant of unlicensed operation of a motor vehicle is affirmed.
Insofar as is relevant to this appeal, defendant was charged in separate accusatory instruments with unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]) and misuse of transporter plates (Vehicle and Traffic Law § 415 [8]), and, following a nonjury trial, was found guilty of the charges and sentenced to fines. On appeal from the judgment of conviction, defendant contends that the stop of his vehicle was made without probable cause; that the results of computer checks should not have been admitted into evidence at trial; and that the verdicts were against the weight of the evidence.
A review of the record on appeal demonstrates that defendant's probable cause contention is unpreserved for appellate review as he failed to raise an objection on this ground in the District Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]).
With respect to the verdict convicting defendant of misuse of transporter plates, since Vehicle and Traffic Law § 415 (8) only applies to "Transporter number plates issued under this section," and it is uncontroverted that the subject plates were issued by the State of Florida, not New York, Vehicle and Traffic Law § 415 (8) is inapplicable. Consequently, upon the exercise [*2]of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we find that the verdict convicting defendant of misuse of transporter plates was against the weight of the evidence.
With respect to the verdict convicting defendant of unlicensed operation of a motor vehicle, it was error for the court to allow the New York State trooper to testify regarding the results of his computer check concerning the status of defendant's driver's license (see People v Clark, 64 Misc 3d 127[A], 2019 NY Slip Op 50980[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). This error, however, was harmless, since the weight of the remaining evidence supported defendant's conviction of unlicensed operation of a motor vehicle (see Clark, 2019 NY Slip Op 50980[U], *3-4). At trial, the trooper testified that defendant had failed to provide him with his driver's license when requested to do so, which was "presumptive evidence that [defendant] is not duly licensed" (Vehicle and Traffic Law § 507 [2]). Then the "burden shifted to the defendant to establish otherwise" (Clark, 2019 NY Slip Op 50980[U], *4 [internal quotation marks omitted]; see People v Smith, 77 Misc 3d 130[A], 2022 NY Slip Op 51226[U], *2-3 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Sikorsky, 195 Misc 2d 534, 536 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]), which defendant failed to do. Consequently, upon the exercise of our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348), we find that the verdict convicting defendant of unlicensed operation of a motor vehicle was not against the weight of the evidence.
Defendant's remaining contentions are unpreserved for appellate review.
Accordingly, the judgment convicting defendant of misuse of transporter plates is reversed and the accusatory instrument charging that offense is dismissed. The judgment convicting defendant of unlicensed operation of a motor vehicle is affirmed.
EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023