People v Blackwood (2024 NY Slip Op 05353)

People v Blackwood

2024 NY Slip Op 05353

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2023-10655
 (Ind. No. 70544/23)

[*1]The People of the State of New York, appellant,
v
Phillip Blackwood, respondent.

Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for appellant.
Clare J. Degnan, White Plains, NY (Marquetta Christy of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Westchester County (Susan M. Capeci, J.), entered September 29, 2023. The order, insofar as appealed from, in effect, upon reargument, adhered to the original determination in an order of the same court entered July 19, 2023, granting that branch of the defendant's omnibus motion which was pursuant to CPL 210.20 and 210.30 to dismiss the indictment.
ORDERED that the order entered September 29, 2023, is reversed insofar as appealed from, on the law, and, upon reargument, so much of the order entered July 19, 2023, as granted that branch of the defendant's omnibus motion which was pursuant to CPL 210.20 and 210.30 to dismiss the indictment is vacated, and thereupon, that branch of the defendant's omnibus motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the indictment.
On March 7, 2023, an indictment was filed charging the defendant with criminal contempt in the first degree (Penal Law § 215.51[c]), and on March 9, 2023, the defendant was arraigned on that charge. In May 2023, in an omnibus motion, the defendant moved, inter alia, pursuant to CPL 210.20 and 210.30 to dismiss the indictment on the grounds that the proof submitted to the grand jury was legally insufficient and that the grand jury proceeding was defective. The People opposed. By order entered July 19, 2023, the Supreme Court granted that branch of the defendant's omnibus motion. The People then moved for leave to reargue their opposition to that branch of the defendant's omnibus motion. By order entered September 29, 2023, the court, in effect, granted reargument and, upon reargument, adhered to its original determination. The People appeal.
"[T]he denial of a motion for leave to reargue is not appealable" (Matter of Lillian G. [Steven G.—Gary G.], 208 AD3d 871, 874; see Brilliantine v East Hampton Fuel Oil Corp., 221 AD3d 951, 952; Bank of N.Y. Mellon v Lewis, 200 AD3d 969, 970). Contrary to the defendant's contention, the Supreme Court, in the order entered September 29, 2023, in fact reconsidered the People's opposition to the subject branch of the defendant's omnibus motion. Therefore, the court, in effect, granted reargument, but adhered to its original determination. As such, an appeal properly lies from that order (see People v Taback, 216 AD3d 673, 674; People v Sturges, 164 AD3d 616, [*2]617-618; People v Sadowski, 173 AD2d 873, 873).
"'To dismiss an indictment on the basis of insufficient evidence before a Grand Jury, a reviewing court must consider whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury'" (People v Jessup, 90 AD3d 782, 783, quoting People v Bello, 92 NY2d 523, 525). "Legally sufficient evidence is defined as 'competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof'" (id., quoting CPL 70.10[1]; see People v Deitsch, 97 AD2d 327, 329). "'In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt'" (People v Jessup, 90 AD3d at 783, quoting People v Bello, 92 NY2d at 526). "Thus, '[t]he reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes, and whether the Grand Jury could rationally have drawn the guilty inference'" (id.).
A defendant had actual knowledge of the contents of a subject order of protection where "the evidence established that the defendant was present at the proceeding where the order of protection was issued, [his or her] attention was drawn to the issuance of the order by the court, and a copy of the order was provided to [him or her]" (People v James, 135 AD3d 787, 788; see People v Clark, 95 NY2d 773, 775; People v Aveni, 100 AD3d 228, 241).
Here, the evidence viewed in the light most favorable to the People, if uncontradicted, established, prima facie, that the defendant had knowledge of the prohibited conduct and nevertheless violated the order of protection by not staying away from the protected party (see People v Bello, 92 NY2d at 525; People v Jessup, 90 AD3d at 783). The order of protection established that the defendant was personally served with the order of protection in court and that he was advised in court of the issuance and contents of the order, and the order of protection contains the defendant's signature (see People v Clark, 95 NY2d at 775; People v James, 135 AD3d at 788). Although the box alongside "Stay away from" was not checked, the protected party's name was typed in the space following that check box and all six subcategories of that section were checked (cf. People v Hopkins, 275 AD2d 667). As such, the defendant was not entitled to dismissal of the indictment on the ground that the evidence submitted to the grand jury was legally insufficient.
Pursuant to CPL 210.35(5), "[a]n indictment should be dismissed where the grand jury proceeding is defective such that it 'fails to conform to the requirements of article one hundred ninety [of the Criminal Procedure Law] to such degree that the integrity thereof is impaired and prejudice to the defendant may result'" (People v Nicholson, 210 AD3d 1009, 1010; see CPL 210.20[1][c]; 210.35[5]; People v Thompson, 22 NY3d 687, 699). "'The exceptional remedy of dismissal . . . under CPL 210.35(5) should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury'" (People v Miles, 76 AD3d 645, 645, quoting People v Huston, 88 NY2d 400, 409). Here, it would not be impossible for the People to obtain a conviction against the defendant (see People v Gordon, 88 NY2d 92, 97-98; People v Swamp, 84 NY2d 725, 732). Furthermore, the People's presentation of evidence to the grand jury was proper (see CPL 210.20[1][c]; 210.35[5]; People v Thompson, 22 NY3d at 699; People v Nicholson, 210 AD3d at 1010; People v Miles, 76 AD3d at 645).
Accordingly, upon reargument, the Supreme Court should have denied that branch of the defendant's omnibus motion which was pursuant to CPL 210.20 and 210.30 to dismiss the indictment.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court