OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant advances several claims in support of his contention that there should be a reversal; none is availing. The objections registered to the admission of the introductory portion of the taped conversation between defendant and the police agent — that it was "self-serving” and “not in furtherance of any conspiracy” — were insufficient to preserve for our review his present contention that it was inadmissible hearsay (cf.
 
 People v Gonzalez,
 
 55 NY2d 720).
 

 It was not error, on direct examination of the agent, to have permitted the use of her notes to refresh her recollection, the notes themselves not having been offered in evidence. Nor was it error to allow the prosecutor on redirect examination to rehabilitate the agent-witness, following what were at least implicit assertions of recent fabrication, by eliciting testimony that she had included defendant’s name in her “buy report” of October 24, 1974 where defendant’s attorney on prior cross-examination had opened the door by interrogation as to the omission of defendant’s name from her “buy reports” of October 31, and November 28, 1974.
 

 
 *1019
 
 Finally, defendant is not entitled to a reversal of his conviction because of the inability of the prosecution to produce a confidential informer whose identity was known to defendant, who was not an eyewitness to the drug transactions, and whose unavailability had been explained at the first trial in 1977.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
 

 Order affirmed in a memorandum.