■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE D. ARTHUR, Appellant. — Appeal from a judgment of the County Court of Tompkins County (Ellison, J.), rendered July 15, 1982, upon a verdict convicting defendant of the crimes of driving while intoxicated, as a felony, and operating a motor vehicle while under the influence of alcohol, as a felony. As a result of an automobile accident on August 19, 1981 in the Town of Newfield, Tompkins County, defendant was indicted for driving while intoxicated and operating a motor vehicle under the influence of alcohol pursuant to subdivisions 3 and 2 of section 1192 of the Vehicle and Traffic Law. After the accident, defendant was taken to the emergency room of a local hospital. During the course of the trial, the People introduced the results of a blood test performed by hospital personnel at the direction of an attending physician solely for diagnostic purposes. The test showed a blood alcohol level of .34 of 1%. After this evidence was received, it became apparent that this test result was not disclosed to defendant pursuant to his pretrial disclosure demand. County Court thereupon denied defendant's motion for a mistrial but granted his motion to exclude the evidence and cautioned the jury to disregard such evidence. Later in the course of the trial, the People introduced the result of a blood test performed at the request of the Sheriff's department for the purpose of determining defendant's blood alcohol content. This test showed a blood level of .28 of 1%. The jury returned a verdict of guilty on both counts of the indictment. Defendant was given a sentence of one year of incarceration[*] and a $500 fine. This appeal by defendant ensued. Initially, defendant argues that the People failed to establish a chain of custody of the blood sample for the blood test performed at the request of the police. The admission of fungible evidence such as a blood sample requires that the offering party establish "that it is the identical evidence and has not been tampered with" (People v Julian, 41 NY2d 340, 343). The fact that the evidence was or might have been accessible to others not called as witnesses casts suspicion on the integrity of the evidence (People v Connelly, 35 NY2d 171, 175). Here, the testimony indicates that a nurse took the blood sample in a self-sealing vial while in the presence of a deputy sheriff and handed it to the deputy who labeled it with defendant's name. The deputy took the vial back to his office and sealed it in a container. He then gave it to another officer for the purpose of mailing it to a State Police laboratory for analysis. Another officer testified that he completed the paperwork for mailing the blood sample by certified mail and that he handed it to a secretary to bring to the post office. The secretary testified that she brought the sample to the post office and mailed it by certified mail. There is a gap in the chain of custody between the point where the deputy sheriff brought the blood sample to the police station and the time when the other officer came into possession of the sample for the purpose of having it mailed to the laboratory. Defendant claims that this gap in the chain of custody renders the blood test report inadmissible. We disagree. The failure to establish a chain of custody may be excused where the circumstances provide reasonable assurances of the identity and unchanged condition of the evidence (Amaro v City of New York, 40 NY2d 30, 35). The chain of custody requirement should not be stretched to unreasonable limits (People v Julian, supra, p 343). Here, the record indicates that the vial containing defendant's blood was sealed and labeled and then placed in a sealed container. The evidence also indicates that the package was still sealed when it reached the laboratory and there was no

* The term of imprisonment has been served, defendant having been released on March 15, 1983 for good behavior after eight months.

evidence of tampering. Based on these circumstances, the failure to establish a complete chain of custody does not render the blood test inadmissible. Defendant also argues that the trial court should have granted his motion for a mistrial based on the improper admission of the diagnostic blood test instead of merely cautioning the jury to disregard it. In our view, based on the circumstances, a cautionary instruction was sufficient. While the diagnostic blood test showed an alcohol level of .34 of 1%, the properly admitted blood test showed an alcohol level of .28 of 1%, still well above the .10 of 1% level provided by statute for the crime of driving while intoxicated. Moreover, the properly admitted blood test, unlike the diagnostic blood test, was supported by detailed testimony regarding the care with which the blood sample was taken and tested. In light of the high probative value of the properly admitted blood test which showed a blood alcohol level well above the statutory minimum, the cautionary instruction sufficiently removed any taint from the improper admission of the diagnostic blood test. Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.

