■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHA G. CALLOWAY, Also Known as CHAY CALLOWAY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree and other charges, defendant argues that the court erred in denying his pretrial motion to disqualify the prosecutor. He contends that the prosecutor had given contradictory testimony at defendant's *Huntley* hearing *(People v Huntley,* 15 NY2d 72) concerning the timing of a telephone call during which an attorney who was representing defendant on an unrelated matter, but who had not been retained on the homicide, told the prosecutor to cease questioning defendant on the homicide. There is no merit to defendant's argument that the motion to disqualify the prosecutor should have been granted because he planned to call the prosecutor as a witness at trial. The timing of the telephone call was not relevant at trial. At most, defendant's argument depends on

rights that he had under *People v Bartolomeo* (53 NY2d 225), which has been overruled by *People v Bing* (76 NY2d 331, *rearg denied sub nom. People v Cawley,* 76 NY2d 890). In any event, the right to counsel issue, to which that evidence pertained, is not a "voluntariness" issue to be submitted to the jury pursuant to CPL 60.45 and 710.70 *(see, People v Medina,* 76 NY2d 331, 347). Because the prosecutor's potential testimony did not pertain to a material issue, the court properly denied the motion to disqualify him *(see, People v Paperno,* 54 NY2d 294, 296).

Defendant also argues that his waiver of the right to counsel was ineffective because his attorney had instructed the police not to question defendant before the instant crime was committed and while defendant was in the County Jail after being arrested for violating a Family Court order of protection. That argument likewise lacks merit; defendant was free to waive his right to counsel in the absence of counsel, because he had not invoked that right and it had not indelibly attached *(see, People v Bing,* 76 NY2d 331, *supra; People v Rogers,* 48 NY2d 167; *People v Settles,* 46 NY2d 154).

We also find that the court properly refused defendant's request for a moral certainty charge. Such a charge is warranted only where there is no direct evidence *(People v Barnes,* 50 NY2d 375, 379-380) and defendant's confession, in which he admitted all the elements of felony murder, was direct evidence *(see, People v Bretagna,* 298 NY 323, 326, *cert denied* 336 US 919; Richardson, Evidence § 540 [Prince 10th ed]).

We have examined defendant's remaining arguments and find them to be lacking in merit. (Appeal from Judgment of Monroe County Court, Marks, J.—Murder, 2nd Degree.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.