■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIK SHABANI, Appellant. [611 NYS2d 2] —Judgment, Supreme Court, Bronx County (William Donnino, J., at trial and sentence; Phylis Skloot Bamberger, J., at *Huntley* hearing) rendered June 11, 1991, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

In view of the evidence at the *Huntley* hearing that the witness who recorded his telephone conversations with defendant was not instructed by the police to ask defendant any particular questions or to urge him to tell the truth, and that the conversations, which were in Albanian, were not even translated until after defendant's arrest, we find no basis to disturb the hearing court's findings *(see, People v Terry,* 155 AD2d 391, *lv denied* 75 NY2d 818) rejecting defendant's claim that the witness was a police agent *(see, People v Dabney,* 75 AD2d 822; *People v Hauswirth,* 89 AD2d 357, *affd* 60 NY2d 904),* and that this agency relationship, and the witness's continuing importunities immediately before and after defendant's arrest, rendered the very announcement by the police of the reasons for the arrest the functional equivalent of interrogation reasonably likely to elicit an incriminating response, such as the one defendant sought to suppress *(see, People v Rivers,* 56 NY2d 476).* Nor can defendant's mention

to the witness that he intended to call a lawyer be viewed as an invocation of his right to counsel in the absence of evidence that the police were aware of the content of this conversation.

While the record does not indicate whether or not defendant was present for sidebar questioning of several prospective jurors, it does indicate that no prospective juror with whom such a sidebar was conducted and who responded affirmatively to the court's question concerning possible knowledge about the case or its participants was selected to serve on the jury. Thus, any loss of the opportunity to observe prospective jurors cannot be said to have operated to defendant's prejudice *(People v Perez,* 196 AD2d 781; *People v Brown,* 202 AD2d 266).

We have considered the defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Kupferman, Asch, Williams and Tom, JJ.