■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUAL CARPENTER, Also Known as PASCAL CARPENTER, Appellant. [619 NYS2d 537] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 3, 1992, convicting defendant, after jury trial, of murder in the second degree, two counts of robbery in the first degree and two counts of robbery in second degree, and sentencing him to concurrent terms of 25 years to life on the murder count, 8⅓ to 25 years on each count of robbery in the first degree, and 5 to 15 years on each count of robbery in the second degree, and order, same court and Justice, entered May 20, 1992, denying defendant's motion to vacate the judgment of conviction, unanimously affirmed.

Defendant failed to prove the affirmative defense to felony murder, as there was overwhelming evidence that defendant aided the commission of the homicidal act and had reasonable ground to believe that another participant was armed with a deadly weapon (Penal Law § 125.25 [3] [c]).

The trial court properly accepted the prosecutor's reasonable race-neutral explanations for challenging individual venirepersons *(People v Hernandez,* 75 NY2d 350, *affd* 500 US

352). Defendant's absence from sidebar conferences during jury voir dire in these 1991 proceedings does not constitute reversible error *(People v Mitchell,* 80 NY2d 519; *People v Sprowal,* 84 NY2d 113). Additionally, any loss of opportunity to observe prospective jurors that did not serve on the jury cannot be said to have operated to defendant's prejudice *(see, People v Shabani,* 203 AD2d 142, 143), nor was defendant's opportunity to defend affected in any substantial manner *(see, People v Mullen,* 44 NY2d 1).

In deciding the appeal of codefendant Ricardo Nova *(People v Nova,* 198 AD2d 193, *lv denied* 83 NY2d 808), this Court rejected defendant's claim alleging impropriety in connection with jury instruction.

We perceive no abuse of discretion in sentencing. Concur— Murphy, P. J., Rosenberger, Wallach, Kupferman and Asch, JJ.