■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MOE, Appellant. [642 NYS2d 656] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J., at suppression hearing; Charles Tejada, J., at trial), rendered October 2, 1992, convicting defendant, after a jury trial, of conspiracy in the second degree and sentencing him, as a persistent felony offender, to a term of 20 years to life and judgment, same court (Alvin Schlesinger, J.), rendered April 30, 1993, convicting de-

fendant, after a jury trial, of murder in the second degree and sentencing him to a consecutive term of 20 years to life, unanimously affirmed.

With respect to defendant's conspiracy conviction, the court properly determined that the People had no obligation to present to the Grand Jury defendant's post-arrest self-serving hearsay statement that, while he took the money and agreed to commit the contract murder, he had no intention of carrying out his agreement. Defendant's post-arrest statement was not a continuation or amplification of earlier inculpatory statements and the People did not betray their " 'duty of fair dealing to the accused and candor to the courts' " in not presenting it (*People v Lancaster*, 69 NY2d 20, 26, *cert denied* 480 US 922, quoting *People v Pelchat*, 62 NY2d 97, 105).

Nor is there merit to defendant's claim that the indictment should have been dismissed because of police misconduct. In *People v Isaacson* (44 NY2d 511, 520-521), the Court of Appeals recognized that even in the absence of entrapment, due process considerations could bar prosecution in certain instances where egregious police misconduct has occurred. Here, the police conduct was entirely proper and none of the *Isaacson* criteria are present. The police did not manufacture the crime. Rather, the defendant repeatedly boasted to the confidential informant of the numerous contract murders he had carried out and recently committed. In targeting defendant for investigation, the police were properly attempting to develop a case against, and convict, an admitted contract killer before he could strike again. Defendant was not reluctant to commit the crime. Instead, he eagerly agreed to the proposed murder and named his own price and terms. The only delay in negotiations occurred when defendant briefly got angry with the undercover detective posing as the client when he missed a scheduled meeting and left defendant waiting at a restaurant. Finally, the clear objective in the police investigation was to protect the community and prevent defendant from carrying out additional murders.

The court's *Sandoval* ruling was balanced and a proper exercise of discretion.

With respect to defendant's murder conviction, while it is clear that he had a right to be present during the four sidebar conferences during jury selection (*People v Antommarchi*, 80 NY2d 247, 250), on this record, we are unable to find defendant was not present. It is defendant's obligation to insure that a proper record is created to permit appellate review (*People v Kinchen*, 60 NY2d 772, 773-774) and his failure to provide such

a record renders his claim unreviewable (*People v Roman*, 217 AD2d 473). In any event, no prejudice could have occurred even if defendant were absent since none of the four individuals ever deliberated (*People v Shabani*, 203 AD2d 142, *lv denied* 84 NY2d 832).

A statement made in the absence of counsel after the right to counsel has attached is admissible so long as it is unsolicited or unprovoked by government conduct that is "reasonably likely to elicit an incriminating response from the suspect" (*Rhode Is. v Innis*, 446 US 291, 301; *People v Rivers*, 56 NY2d 476, 480). Here, there was ample factual support for the court's finding that statements made by defendant to the confidential informant were not the result of questioning or interrogation by the informant.

The record demonstrates that defense counsel provided competent and meaningful representation (*People v Baldi*, 54 NY2d 137, 146-147). Finally, defendant's 20 year to life sentence, to run consecutive to his 20 year to life sentence for conspiracy to murder, is legal and entirely appropriate in light of defendant's background and the nature of his crimes.

We have considered defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Milonas, Nardelli and Mazzarelli, JJ.