■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant. [671 NYS2d 43] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered January 20, 1993, convicting defendant, after a jury trial, of robbery in the first degree (eight counts), rape in the first degree (four counts), sodomy in the first degree (three counts), burglary in the first degree (two counts), and criminal possession of a weapon in the third degree (one count), and sentencing him to eleven consecutive terms of 8⅓ to 25 years consecutive to a term of 2⅓ to 7 years and concurrent with six concurrent terms of 8⅓ to 25 years, unanimously affirmed.

Since evidence of possession of a weapon was material, admissible proof with respect to defendant's other crimes, the weapon count was properly joined pursuant to CPL 200.20 (2) (b). In order to establish defendant's criminal involvement in two separate robberies, the People were entitled to establish that a criminal partnership existed among defendant and his

two codefendants. Evidence that defendant knew one of the codefendants and passed him a gun, recovered by the police, which fit the description given by a witness of a gun that defendant had used, just days before, to commit a robbery with that codefendant (*see, People v Del Vermo*, 192 NY 470, 478-481), was highly relevant to the question of whether he had acted in concert in that robbery. Likewise, evidence of the criminal relationship between defendant and this codefendant was relevant in tying defendant to the second robbery where the only physical evidence recovered was found in this codefendant's apartment. Additionally, it was admissible to establish the veracity of defendant's detailed confessions linking him and both of his codefendants to the crimes.

We reject defendant's claim that he was entitled to dismissal of the indictment, rather than severance, on the ground of misjoinder of defendants. By granting severance, the court cured any misjoinder of defendants, and any prejudice to defendant was obviated.

While it is clear that defendant had a right to be present during a sidebar conference at which the four alternate jurors were selected (*People v Antommarchi*, 80 NY2d 247, 250), defendant can show no prejudice since none of these individuals ever deliberated (*People v Moe*, 227 AD2d 253, *lv denied* 88 NY2d 968).

Finally, defendant's claim with respect to the court's supplemental instruction is unpreserved for appellate review and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin and Tom, JJ.