■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASYAH PALMER, Appellant. [693 NYS2d 539] —Judgment,

Supreme Court, New York County (Michael Obus, J.), rendered July 21, 1997, convicting defendant, after a jury trial, of robbery in the first degree, kidnapping in the second degree, grand larceny in the second degree, grand larceny in the fourth degree, burglary in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 20 years, 20 years, 7½ to 15 years, 2 to 4 years, 15 years, and 7 years, unanimously affirmed.

Defendant's motion to suppress statements was properly denied. Despite having previously invoked his right to counsel, defendant called a detective over and made incriminating statements concerning a potentially violent armed robbery he planned to commit that evening with several accomplices, after one of these accomplices, without the prior knowledge of the police, paged defendant on his beeper at the precinct. Defendant then consented to have police tape his call to the accomplice. Although this accomplice was also an accomplice in the instant crime, and had been cooperating with the police in that regard, the record fails to support defendant's contention that the accomplice was acting as an agent of the police. We find that defendant's initial statements to the detective, as well as his taped conversation with the accomplice, were properly admitted as spontaneous and voluntary (*see, People v Lynes*, 49 NY2d 286, 293-295; *see also, People v Krom*, 61 NY2d 187, 199-200). The detective also properly questioned defendant concerning his plan to commit the new robbery with accomplices whom he stated would proceed with the crime in his absence, without first advising him of his *Miranda* rights and despite his prior invocation of counsel, pursuant to the new crime, emergency and public safety exceptions (*see, People v Bell*, 73 NY2d 153; *People v Krom, supra*, at 198-200; *see also, New York v Quarles*, 467 US 649, 658-669).

Since defendant failed to object to the admission of these statements on the additional ground now asserted on appeal, that they constituted evidence of an uncharged crime, and did not request that the statements be redacted or that the court issue limiting instructions, these issues have not been preserved for appellate review, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the evidence was properly admitted since it established the criminal relationship, relevant in the context of the trial issues, between defendant and one of his accomplices (*People v Torres*, 249 AD2d 19, *lv denied* 92 NY2d 907; *People v Laster*, 241 AD2d 306, *lv denied* 90 NY2d 941).

The verdict was based on legally sufficient evidence. We see no reason to disturb the jury's credibility determinations. There was ample evidence corroborating the testimony of defendant's accomplices (*People v Hudson*, 51 NY2d 233; *People v Kress*, 284 NY 452).

The record supports the court's conclusion that the reasons proffered by the prosecutor for exercising a peremptory challenge against the prospective juror in question were race-neutral and non-pretextual, and such findings are entitled to great deference (*see, People v Wint*, 237 AD2d 195, *lv denied* 89 NY2d 1103). Accordingly, the court properly denied defendant's *Batson* challenge (*Batson v Kentucky*, 476 US 79).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.