■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WHITLEY, Appellant. [788 NYS2d 94]—

Judgment, Supreme Court, New York County (Laura E. Drager, J.), rendered April 18, 2002, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence. The issues raised by defendant concerning certain witnesses' criminal histories, and the benefits they may have received as a result of their cooperation, were properly considered by the jury, and we find no reason to disturb its credibility determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]). The evidence established that defendant admitted his guilt to four persons on separate occasions. The accounts of the four men generally harmonized with each other, as well as with other evidence, and there was no evidence of collusion.

The introduction of prior testimony did not violate defendant's right of confrontation. When one of the People's witnesses recanted the testimony he gave at defendant's first trial and, fearing prosecution for perjury, asserted his Fifth Amendment privilege against testifying at the second trial, he thus became an unavailable witness (*People v Ortiz*, 209 AD2d 332 [1994], *lv denied* 86 NY2d 739 [1995]). Accordingly, his testimony at the first trial, at which he was extensively cross-examined, was properly admitted at the second trial (CPL 670.10). The

constitutional requirements of unavailability and prior cross-examination were met (*see Barber v Page*, 390 US 719, 722 [1968]). Furthermore, the People properly refused to immunize the witness (*see People v Adams*, 53 NY2d 241, 247 [1981]; *People v Shapiro*, 50 NY2d 747 [1980]).

The question of whether the witness's recantation should have been made known to the jury is a separate issue from the question of the admissibility of the prior testimony. To the extent that defendant is now arguing that, assuming receipt of the prior testimony at the second trial, the recantation should have been received as well, that argument is unpreserved because, at trial, defendant never requested that remedy (*see e.g. People v Lombardo*, 61 NY2d 97, 104 [1984]). Instead, defendant requested preclusion of the prior testimony on the ground that he would have no opportunity to cross-examine the witness about the recantation, and also requested that the witness be granted immunity. We decline to review this unpreserved claim in the interest of justice. Were we to review it, we would find that defendant was not entitled to introduce the recantation (*Mattox v United States*, 156 US 237, 244-250 [1895]). In any event, were we to find the rule in *Mattox* to be inapplicable, we would find no basis for reversal because the recantation was highly suspect, and there is no reasonable possibility that its introduction would have affected the verdict.

Under the particular circumstances of the case, the court properly exercised its discretion in admitting evidence that defendant pleaded guilty to committing a robbery, one month after the charged crime, with the person who was identified at trial as his accomplice in the charged robbery/murder. As the court thoroughly instructed the jury, this evidence was not admitted to show defendant's general propensity to commit robberies. Instead, evidence that, soon after the charged crime, he committed another robbery with the same partner established a continuing criminal relationship between the two men, and thus provided circumstantial evidence on the issue of identity (*see People v Palmer*, 263 AD2d 361, 362 [1999], *lv denied* 93 NY2d 1024 [1999], *cert denied* 528 US 1051 [1999]; *People v Torres*, 249 AD2d 19 [1998], *lv denied* 92 NY2d 907 [1998]; *see also People v Laverpool*, 267 AD2d 93 [1999], *lv denied* 94 NY2d 904 [2000] [use of uncharged crimes to prove identity not limited to unique modus operandi situation]). The probative value of the evidence outweighed its prejudicial effect.

The court properly denied defendant's motion to dismiss the indictment on the ground of preindictment delay (*see United States v Lovasco*, 431 US 783 [1977]; *People v Singer*, 44 NY2d

241, 252-255 [1978]; *People v Taranovich,* 37 NY2d 442 [1975]). The charges were very serious, there was no showing of prejudice to defendant, and the delay in commencement of the prosecution was not designed to gain a tactical advantage. Instead, the investigation proceeded in good faith as the People sought to gather enough evidence to secure a conviction (*see People v Rodriguez,* 281 AD2d 375 [2001], *lv denied* 96 NY2d 901 [2001]).

Since defendant clearly raised specific claims of recent fabrication on the part of various witnesses, the court properly admitted the prior consistent statements of these witnesses to rebut such claims (*see People v McDaniel,* 81 NY2d 10, 18 [1993]). The prior statements predated particular motives to falsify that were asserted by the defense, and there was no requirement that they predate all possible motives to falsify (*see People v McClean,* 69 NY2d 426, 430 [1987]; *People v Baker,* 23 NY2d 307, 322-323 [1968]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Saxe, J.P., Friedman, Sullivan, Nardelli and Williams, JJ.