■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL DYE, Appellant. [810 NYS2d 268]—

Appeal from a judgment of the Ontario County Court (Craig

J. Doran, J.), rendered November 12, 2003. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and rape in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [4]) and rape in the third degree (§ 130.25 [3]). The victim was defendant's 12-year-old relative. We reject the contention of defendant that he was deprived of effective assistance of counsel because defense counsel did not object to the introduction of the DNA evidence at trial. There was no basis for such an objection because the evidence presented by the People provided "reasonable assurances" that the tested DNA evidence was the same evidence as that collected for the purposes of testing and that the condition of the evidence remained unchanged, nor was there any evidence of tampering (*People v Arthur*, 99 AD2d 595, 595 [1984]; *see People v Julian*, 41 NY2d 340, 342-343 [1977]; *see also People v Guzman*, 272 AD2d 883 [2000], *lv denied* 95 NY2d 866 [2000]). We note in addition that defense counsel presented a coherent defense consistent with the claim of defendant that he did not have sexual intercourse with the victim, and we conclude that, viewed in its totality and as of the time of the representation, defense counsel's representation was meaningful (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant further contends that he was denied a fair trial by prosecutorial misconduct. We conclude that the only instances of alleged prosecutorial misconduct that are preserved for our review "either were fair comment on the evidence or were made in response to . . . defense counsel's arguments" (*People v Thomas*, 8 AD3d 506, 507 [2004], *lv denied* 3 NY3d 682 [2004]), and we decline to exercise our power to review the remaining instances of alleged prosecutorial misconduct as a matter of discretion in the interest of justice (*see People v Bolling*, 24 AD3d 1195 [2005]). Also contrary to defendant's contention, County Court did not commit reversible error in allowing the victim to testify that defendant's nickname was "Bo Peep." Because the identification of defendant was a central issue, the victim's familiarity with defendant could properly be demonstrated by her knowledge of his nickname, which is unrelated to criminal activity (*cf. People v Lauderdale*, 295 AD2d 539, 540 [2002]; *People v Santiago*, 255 AD2d 63, 66 [1999], *lv denied* 94 NY2d 829 [1999]). Finally, the sentence is not unduly harsh or severe. Present— Pigott, Jr., P.J., Hurlbutt, Gorski, Green and Hayes, JJ.