■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMAN LEVITES, Appellant. [821 NYS2d 176]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered July 1, 1997, convicting defendant, after a jury trial, of robbery in the first degree (two counts) and robbery in the second degree, and sentencing him to concurrent terms of 6 to 12 years, 6 to 12 years and 4 to 8 years, respectively, and order, same court and Justice, entered on or about June 23, 2003, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed.

The court properly allowed the prosecutor to elicit a prior

statement of the victim which was recorded by the arresting officer in the on-line booking sheet. On cross-examination, defense counsel had questioned the arresting officer about several documents relating to the case, including the felony complaint, in which the officer had omitted any mention of a weapon. The inference counsel wanted the jury to draw from cross-examination was that the omissions of any mention of a gun indicated either that the victim had never said anything about a gun to the officer or that the officer was careless with his paperwork. Accordingly, the People were entitled on redirect examination to elicit both what the victim had told the officer about a gun and that the officer wrote in the on-line booking sheet that defendant may have had a gun (*see People v Boyd*, 58 NY2d 1016, 1018 [1983]; *People v Whitley*, 14 AD3d 403, 406 [2005], *lv denied* 4 NY3d 892 [2005]).

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Sweeny, Catterson, McGuire and Malone, JJ.