■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JAVON M. RIDGEWAY, Appellant. [872 NYS2d 834]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered July 26, 2007. The judgment convicted defendant, upon a jury verdict, of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in refusing to suppress his statements to the police because they were obtained in violation of his right to counsel. We reject that contention (*see generally People v Cohen*, 90 NY2d 632, 638-639 [1997]; *People v Campbell*, 275 AD2d 984 [2000], *lv denied* 96 NY2d 732 [2001]). The court also properly refused to allow defendant to present evidence at trial to enable the jury to determine whether his right to counsel had attached when he made those statements (*see People v Rogers*, 48 NY2d 167, 171-173 [1979]). The determination of that issue "require[s] a knowledge of the criminal justice system which not only lay people, but even lawyers who are not active in such practice, do not possess" (*People v Medina*, 146 AD2d 344, 350 [1989], *affd* 76 NY2d 331 [1990], *rearg denied* 76 NY2d 890 [1990]; *see also People v Bynum*, 275 AD2d 251, 252 [2000], *lv denied* 95 NY2d 961 [2000]; *People v Calloway*, 171 AD2d 1037, 1038 [1991], *lv denied* 77 NY2d 992 [1991]).

Defendant further contends that the court erred in admitting in evidence the grand jury testimony of the murder victim concerning earlier domestic incidents in which defendant harmed or antagonized her. Even assuming, arguendo, that the court erred in admitting that grand jury testimony (*cf. People v Maher*, 89 NY2d 456, 461-462 [1997]; *People v Flowers*, 245 AD2d 1088 [1997], *lv denied* 91 NY2d 972 [1998]), we conclude that any error in its admission is harmless (*see generally, People v Crimmins*, 36 NY2d 230, 237 [1975]). Defendant failed to preserve for our review his contention that the court erred in granting the People's motion to consolidate the indictments for trial purposes (*see People v McQueen*, 266 AD2d 240 [1999], *lv denied* 94 NY2d 826 [1999]; *People v Nance*, 175 AD2d 662 [1991], *lv denied* 79 NY2d 830 [1991]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Fahey, Green and Pine, JJ.