Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:    April 2, 2015                    105970
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                       MEMORANDUM AND ORDER

MAHADAYE KHAN, Also Known as
    MALA KHAN,
                        Appellant.
_____

Calendar Date:   February 20, 2015

Before:   Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        Cheryl Coleman, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the Supreme Court (McDonough, J.), rendered October 4, 2013 in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the third degree, offering a false instrument for filing in the first degree, criminal tax fraud in the fourth degree and criminal tax fraud in the fifth degree.

        Defendant and her daughter, Shareen Khan, were charged in a December 2010 indictment with offenses stemming from a scheme to unlawfully retain funds paid by the Albany County Department of Social Services for the provision of housing to individuals receiving public assistance.  Defendant was separately charged in a September 2011 indictment with various offenses, including ones

stemming from her efforts to avoid paying income taxes and to force Suresh Gunness, who is not an American citizen, to remain in the United States and perform work for her.[1]  With the consent of defendant, County Court (Herrick, J.) consolidated the two indictments for trial.  Khan was then charged, in a February 2012 indictment, with crimes related to her unlawful receipt of public assistance benefits.  County Court granted, without objection from defendant, the People's motion to consolidate that indictment with the December 2010 and September 2011 indictments.

The case was transferred to Supreme Court (McDonough, J.) prior to trial.  Following that jury trial, Khan was acquitted. Defendant, however, was found guilty of grand larceny in the third degree, offering a false instrument for filing in the first degree, criminal tax fraud in the fourth degree and criminal tax fraud in the fifth degree.[2]  Supreme Court imposed an aggregate sentence of six months in jail and five years of probation, and further directed her to pay fines and restitution.  Defendant now appeals.

We affirm.  Defendant contends that the indictments were improperly consolidated for trial, but she failed to oppose either motion for consolidation.  Accordingly, her challenges to the orders granting consolidation are unpreserved for our review, and we perceive no reason to exercise our discretion to reverse or modify in the interest of justice (see People v Ridgeway, 59 AD3d 1111, 1112 [2009], lv denied 12 NY3d 820 [2009]; People v Roberts, 188 AD2d 735, 737 [1992], lv denied 81 NY2d 891 [1993]). Defendant thereafter retained new counsel who, four days before trial, orally applied for severance on the ground that the jury would be tempted to infer her guilt from an "irreconcilable

---

[1]  Gunness was also charged with petit larceny (two counts) in the December 2010 indictment as a result of his role in the rental property scheme, but those charges were later dismissed.

[2]  Supreme Court remanded defendant to the custody of the Albany County Sheriff after the jury verdict, prompting her to obtain an order from this Court releasing her on $50,000 bail in anticipation of her taking an appeal.

conflict" between her defense and that of Khan (People v Mahboubian, 74 NY2d 174, 184 [1989]).  Supreme Court did not abuse its discretion in denying that application, which was both conclusory and untimely (see CPL 255.10 [1] [g]; 255.20; People v Lewis, 83 AD3d 1206, 1208 [2011], lv denied 17 NY3d 797 [2011]; People v Melendez, 285 AD2d 819, 822 [2001], lvs denied 97 NY2d 708, 731 [2002]).

Defendant next asserts that she was deprived of a fair trial due to violations of the Molineux rule.  Defendant was charged with two counts of labor trafficking alleging that she improperly compelled Gunness to work for her, both by threatening to disclose to immigration officials that his marriage with an American citizen was a sham and by withholding travel documentation from him (see Penal Law § 135.35 [3], [4]).  With regard to those offenses, two women testified that defendant offered to pay them if they married Gunness for immigration purposes, and one of the women ultimately did marry him.  Supreme Court properly found that this evidence was admissible to complete the narrative of both witnesses and, moreover, the court gave an appropriate limiting instruction to the jury (see People v Rivera, 124 AD3d 1070, 1073 [2015]; People v Pham, 118 AD3d 1159, 1161 [2014], lv denied 24 NY3d 1087 [2014]).  Supreme Court also acted properly in allowing the testimony of Gunness that defendant threatened to have him killed if he did not return from a short trip outside the United States, a threat that illustrated how defendant carried out the crime of labor trafficking and explained why Gunness did not flee once his travel documents were in his possession (see e.g. People v Greene, 306 AD2d 639, 642 [2003], lv denied 100 NY2d 594 [2003]).  Further, Supreme Court addressed the above issues outside of the presence of the jury, and we cannot say that preclusion was warranted as a matter of law due to the explained failure of the People to seek pretrial review of them (see People v Small, 12 NY3d 732, 733 [2009]; People v Royster, 107 AD3d 1298, 1301 [2013], lv denied 22 NY3d 958 [2013]).

Defendant further argues that the People improperly vouched for the credibility of Gunness during summation, but the record reflects that the prosecutor "merely provided fair comment on [Gunness's] credibility in response to the defense summation[s]"

(People v Lazzaro, 62 AD3d 1035, 1036 [2009]).  We are also unpersuaded that Supreme Court should have instructed the jury that Gunness and his wife were "accomplice[s] and subject to the statutory corroboration requirement" as a matter of law (People v Sage, 23 NY3d 16, 23 [2014]; see CPL 60.22 [2]).  The trial evidence left open the possibility that Gunness was under duress when he allegedly aided defendant in her criminal conduct, as well as that his marriage had been entered into for legitimate reasons, and Supreme Court properly instructed the jury to determine whether the two were accomplices (see People v Sage, 23 NY3d at 24; People v Vataj, 69 NY2d 985, 987 [1987]; People v Beaudet, 32 NY2d 371, 375 [1973]).  Defendant's remaining contentions have been examined and found to be lacking in merit.

Lahtinen, J.P., Garry and Rose, JJ., concur.

ORDERED that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).

ENTER:

Robert D. Mayberger
Clerk of the Court