THIRD DEPARTMENT, MARCH, 2017

(March 2, 2017)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RUIZ, Appellant. [47 NYS3d 806]—

Devine, J. Appeal from a judgment of the County Court of Rensselaer County (Jacon, J.), rendered December 8, 2011, upon a verdict convicting defendant of the crimes of criminal use of a firearm in the first degree (four counts), robbery in the first degree (three counts), menacing in the second degree (three counts), burglary in the first degree, attempted robbery in the first degree, criminal use of a firearm in the second degree and petit larceny.

Defendant was charged in an indictment with numerous offenses after he and an accomplice, Ryan Warner, allegedly committed a home invasion burglary in August 2010 and armed robberies of convenience stores in September and October 2010. A jury trial ensued at which Warner testified against defendant and, at its conclusion, defendant was found guilty of four counts of criminal use of a firearm in the first degree, three counts of robbery in the first degree, three counts of menacing in the second degree, and one count each of burglary in the first degree, attempted robbery in the first degree, criminal use of a firearm in the second degree and petit larceny. County Court thereafter sentenced defendant, as a persistent violent felony offender, to an aggregate prison term of 60 years to life. Defendant appeals and we affirm.

County Court properly denied defendant's pretrial motion to sever the counts involving the home invasion from those involving the robberies. The law is clear that "the People may join multiple offenses in an indictment, even though based on separate and distinct criminal transactions, . . . if they are of such a nature that proof of either offense would be material and admissible as evidence-in-chief upon the trial of the other" (*People v Carter*, 74 AD3d 1375, 1378 [2010] [internal quotation marks and citations omitted], *lv denied* 15 NY3d 772 [2010]; *see* CPL 200.20 [2] [b]; *People v Raucci*, 109 AD3d 109, 117 [2013], *lv denied* 22 NY3d 1158 [2014]). In that regard, "evidence of 'a distinctive repetitive pattern' of criminal conduct may be admitted [as part of the People's case-in-chief] to show the defendant's identity[,] [and] [r]epeated commission of similar crimes with the same accomplice is an example of such a pattern" (*People v Arafet*, 13 NY3d 460, 466 [2009], quoting *People v Allweiss*, 48 NY2d 40, 48 [1979]; *see People v Molineux*,

168 NY 264, 293 [1901]). Here, although the types of locations involved in the three incidents differed, they are fundamentally similar in that they reveal a continuing partnership between defendant and Warner to take the property of others by force of arms (*see People v Arafet*, 13 NY3d at 466; *People v Whitley*, 14 AD3d 403, 405 [2005], *lv denied* 4 NY3d 892 [2005]; *People v Torres*, 249 AD2d 19, 19-20 [1998], *lv denied* 92 NY2d 907 [1998]; *People v Palmer*, 263 AD2d 361, 362 [1999], *lv denied* 93 NY2d 1024 [1999], *cert denied* 528 US 1051 [1999]). Inasmuch as proof of the home invasion burglary would therefore have been admissible as evidence-in-chief upon a trial related to the subsequent robberies, the counts were properly joined pursuant to CPL 200.20 (2) (b) and County Court lacked statutory authority to sever them (*see* CPL 200.20 [3]; *People v Wells*, 141 AD3d 1013, 1016-1017 [2016]; *People v Griffin*, 111 AD3d 1413, 1414 [2013], *lv denied* 23 NY3d 1037 [2014]).

Defendant next complains of County Court's decision, following a *Wade* hearing, to deny his motion to suppress the identification of him made by a victim of the home invasion after being presented with a police-arranged photo array. The People were obliged in the first instance to show "the reasonableness of the police conduct and the lack of any undue suggestiveness in [the] pretrial identification procedure," but the ultimate burden rested on defendant to prove "that the procedure was unduly suggestive" (*People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *see People v Al Haideri*, 141 AD3d 742, 743 [2016], *lv denied* 28 NY3d 1025 [Oct. 11, 2016]). The People met their initial burden and, in response, defendant pointed out that he is Hispanic, but that the other men in the photo array were white. A review of the photo array—which is in black and white—reveals five other men who appear to be around the same age as defendant, and have similar hair and skin tones that only modestly vary from defendant's own. County Court was accordingly free to conclude "that the characteristics of the men in the photographs, including their skin tone, were sufficiently similar and did not create a 'substantial likelihood' that defendant would be singled out for identification by the victim" (*People v Al Haideri*, 141 AD3d at 743, quoting *People v Chipp*, 75 NY2d at 336; *see People v Matthews*, 101 AD3d 1363, 1364 [2012], *lv denied* 20 NY3d 1101 [2013]). Moreover, while the background and lighting used in the photographs varied somewhat, "the differences were not of such quality as would taint the array" (*People v Boria*, 279 AD2d 585, 586 [2001], *lv denied* 96 NY2d 781 [2001]; *see People v Butler*, 140 AD3d 1610,

1611 [2016], *lv denied* 28 NY3d 969 [2016]; *People v Sullivan*, 300 AD2d 689, 690 [2002], *lv denied* 100 NY2d 587 [2003]). We cannot, as a result, say that County Court erred in denying the motion to suppress.

Defendant further contends that the convictions relating to the two robberies—in contrast to those relating to the home invasion, for which defendant was identified as a perpetrator by eyewitness testimony and DNA evidence—were against the weight of the evidence in that the testimony of Warner was not adequately corroborated.* "New York's accomplice corroboration requirement requires only enough nonaccomplice evidence to assure that the accomplice[ ] ha[s] offered credible probative evidence, and even seemingly insignificant matters may harmonize with the accomplice's narrative so as to provide the necessary corroboration" (*People v Miles*, 119 AD3d 1077, 1079 [2014] [internal quotation marks and citations omitted], *lv denied* 24 NY3d 1003 [2014]; *see* CPL 60.22; *People v Reome*, 15 NY3d 188, 194 [2010]). The store clerk working on the night of the September 2010 robbery testified that Warner asked defendant for help getting the cash register open and that defendant responded by pointing a gun to the clerk's head and dragging him to the register in a headlock, details that corresponded with those provided by Warner. The store clerk working at the time of the October 2010 robbery similarly gave distinctive details about the robbery that matched those provided by Warner, such as that defendant dragged the clerk to the back of the store and attempted to secure him there with a ladder and filing cabinet. Moreover, two witnesses described their interactions with defendant and Warner in the aftermath of the October 2010 robbery that echoed the testimony of Warner and suggested that the robbery had occurred. The foregoing constituted sufficient corroboration for Warner's testimony and, "[v]iewing the evidence in a neutral light and according deference to the jury's resolution of credibility issues, we are satisfied that the verdict is not against the weight of the evidence" (*People v Lawrence*, 141 AD3d 828, 832-833 [2016], *lv denied* 28 NY3d 1073 [2016]; *see People v Green*, 31 AD3d 1048, 1050 [2006], *lv denied* 7 NY3d 902 [2006]).

---

* Defendant raised the corroboration issue in a motion to dismiss after the People rested their case, but did not renew his motion at the close of all proof. The issue is accordingly unpreserved in the context of an attack upon the legal sufficiency of the evidence presented, but we nevertheless assess it in the context of defendant's weight of the evidence claim (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Rodriguez*, 121 AD3d 1435, 1436 [2014], *lv denied* 24 NY3d 1122 [2015]).

Defendant's remaining claims are uniformly without merit. As defendant points out in his pro se supplemental brief, the People elicited testimony from Warner upon redirect examination that violated County Court's *Molineux* ruling. Defense counsel cross-examined Warner in a manner that may well have rendered that redirect examination appropriate but, in any case, County Court gave an ameliorative instruction to the jury that cured any prejudice (*see People v Khan*, 127 AD3d 1250, 1252 [2015], *lv denied* 25 NY3d 990 [2015]). Defendant concedes that he failed to object to allegedly improper comments made by the People in their summation and, when placed in context, those comments do not motivate us to take corrective action in the interest of justice (*see* CPL 470.15 [6]; *People v Scippio*, 144 AD3d 1184, 1187 [2016], *lv denied* 28 NY3d 1150, 2017 NY Slip Op 97185[U] [Jan. 17, 2017]). Lastly, given the nature of the present offenses and defendant's extensive and violent criminal history, the aggregate prison sentence imposed by County Court was not harsh or excessive.

Peters, P.J., Lynch, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed.