People v Patterson (2019 NY Slip Op 02154)





People v Patterson


2019 NY Slip Op 02154


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Richter, J.P., Gische, Kern, Moulton, JJ.


8714 2010/14

[*1]The People of the State of New York, Respondent,
v
Bernard Patterson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), and Arnold & Porter LLP, New York (Palak Mayani Parikh of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Marianne Stracquadanio of counsel), for respondent.



Judgment, Supreme Court, Bronx County (William I. Mogulescu, J. at dismissal motion; Martin Marcus, J. at jury trial and sentencing), rendered June 7, 2016, convicting defendant of robbery in the first degree and burglary in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence was overwhelming. There is no basis for disturbing the jury's determinations concerning identification and credibility.
The victim, an employee of a sandwich shop, saw defendant in the store three or four times before the robbery. Each of defendant's visits to the store lasted at least a half hour, during which time defendant primarily engaged in conversation with the victim's then-coworker, and the victim participated in the conversation to a limited extent. On one occasion, the victim gave defendant free food as an act of charity. At the time of the robbery, the victim recognized defendant as the person he knew from the other occasions, and engaged him in conversation. Notably, defendant asked about the coworker he had befriended, and when he learned she no longer worked there, he asked for her contact information. Defendant also asked for and received a free soda, and the victim offered him free food later in the incident. This entire interchange would make little sense unless the robber was the same person the victim knew from the other occasions; indeed, given the context of the conversation, the robber practically identified himself to the victim. Furthermore, a surveillance videotape shows a man whom the victim identified as defendant, engaging in a lengthy interaction with the victim before committing a robbery. Thus, the evidence overwhelmingly refuted defendant's claim of mistaken identity.
The trial court denied defendant's request for a charge on cross-racial identification. Since then, the Court of Appeals decided People v Boone, which held that "when identification is an issue in a criminal case and the identifying witness and defendant appear to be of different races, upon request, a party is entitled to a charge on cross-racial identification" and the trial court must give the charge if a party requests it (30 NY3d 521, 526 [2017]). Since identification was an issue in this case and the victim and defendant were of different races, the motion court should have granted the request for the charge on cross-racial identification. However, we find the error harmless given that the video supports the victim's testimony about the incident and his familiarity with defendant. Further, the victim told police that the robber had an MTA connection, and defendant was arrested wearing an MTA jacket. The identification testimony was unusually strong and the evidence of defendant's guilt was overwhelming (see People v Jiggetts, 168 AD3d 507, 508 [1st Dept 2019]; People v Johnson, 57 NY2d 969, 970 [1982]). Also, there is no significant probability that defendant would have been acquitted but for this charge error (People v Jordan, 167 AD3d 1044, 1045 [2d Dept 2018]).
The motion court providently exercised its discretion when it denied defendant's motion to dismiss the indictment on the ground of improper joinder of offenses, and instead directed that the counts of the indictment at issue on this appeal be tried separately from other counts involving a different incident. The court's action cured any misjoinder of offenses, because any prejudice to defendant was obviated by conducting separate trials (see People v Torres, 249 AD2d 19, 20 [1st Dept 1998], lv denied 92 NY2d 907 [1998]), and the indictment was no longer defective (see CPL 210.20[1][a]; 210.25[1]) once the misjoinder no longer existed. We find unpersuasive defendant's argument that the CPL does not permit misjoinder to be cured by severance. Nothing in the statute provides that misjoinder is incurable and requires dismissal. Defendant's reliance on CPL 200.70(2)(c), which states that an indictment may not be amended to cure misjoinder, is misplaced because here there was no amendment. The language of the indictment remained intact, and defendant was tried separately on two sets of valid counts. To the extent defendant is also claiming that he was prejudiced by the simultaneous presentation to the grand jury of separate offenses, we find that claim unavailing (see generally People v Huston, 88 NY2d 400, 409 [1996]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK